## SUPREME COURT.

### LOESCHER agt. NORDMEYER.

On an appeal from the marine court to the common pleas, the *costs of the action*, and *two dollars* costs of the return, required to be paid to the justices, by § 354 of the Code, may be paid to the *clerk* of the marine court.

The *notice of appeal*, which, by § 354, is required to be served within twenty days on the respondent *personally*, if a *resident of the county*, may be properly served on his *attorney*, who appeared on the trial for him, where it appears that diligent inquiry and search for the residence of the respondent has been made without ascertaining it.

*New-York Special Term, Oct.,* 1856.

MOTION for an injunction or stay of proceedings against the respondent, until the decision of the cause on appeal.

H. W. JOHNSON, *for appellant.*
H. D. TOWNSEND, *for respondent.*

CLERKE, Justice. I think it expedient to grant the injunction or stay in this case, if an appeal from the marine court to the court of common pleas has been regularly taken. Section 354 of the Code requires "that notice of appeal must, within twenty days, be served on the justice personally, &c., and on the respondent personally, &c., or in case the respondent is not a resident of the county, in the same manner, on the attorney or agent, if any, who is a resident of such city or county, who appeared for him on the trial."

It further provides, that the appellant must, at the time of service of notice of appeal on the justice, pay to him the costs of the action, together with two dollars costs of the return. The latter provision was sufficiently complied with by paying to the clerk of the marine court the costs of the action, besides two dollars for the return.

The only question to be decided, then, is, was the notice of the appeal sufficiently or properly served on the respondent? It is admitted, that it was not served on her personally ; but the attorney of the appellant swears that he made diligent inquiry for the residence of the respondent, within the twenty days, for the purpose of serving on her a notice of appeal; that he could not discover her residence, notwithstanding that inquiries were made of persons with whom she was acquainted, and that he was informed and believed that she is not a resident of this county, but only temporarily here ; and that, consequently, he caused the notice to be served on her attorney, who appeared for her at the trial.

Now, the section does not provide, in express terms, for the contingency that has occurred in this case, supposing, as the counsel of the respondent insists, that she is a resident of this county. It is evident, that diligent search for her was made within the prescribed time, without success, for the purpose of serving the notice on her. If it is to be held, that in such cases, where the respondent is a resident, and yet, after *bona fide* efforts to find her, cannot be found, that the notice cannot be served on her attorney, the right of appeal must, in many cases, without any fault of the appellant, become impossible.

I cannot suppose that this was intended by the legislature. Such a supposition would be imputing a purpose to them, which there is no just reason to believe that they could have entertained. It would exclude many from the benefits of the section ; and it would be contrary to that principle of construction which declares, that beneficial statutes are to be expounded largely, and not with restriction. Besides, in the present case, although the respondent swears that she was not served with a notice of appeal—meaning, no doubt, that she was not person-

ally served with it, in the first instance, by the attorney of the appellant, yet it does not appear that she had no notice of the appeal from her own attorney. It is even probable, from the circumstances, that the written notice served on him had been handed over to her. If she had shown, indeed, that she had been totally ignorant of the appeal within the twenty days, that no notice of it had been communicated to her by her own attorney, or by any one else, then I might have arrived at a different conclusion : I might have safely inferred that no notice had been brought home to her; but where this is not positively shown, it will be more in conformity with the beneficent spirit of the law and of the Code, to consider a notice of appeal served on the attorney of the respondent, who appeared for her on the trial, when the respondent, after diligent search, cannot be found, to have been served on the respondent herself personally.

Motion granted, without costs.